UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID D. HOLLMAN, # 222991,[1]

    Petitioner,                                      Civil No. 2:10-CV-13916
                                                         HONORABLE ARTHUR J. TARNOW

v.

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

David D. Hollman, ("petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree felony murder, M.C.L.A. 750.316; assault with intent to commit murder, M.C.L.A. 750.83; and felony-firearm, M.C.L.A. 750.227b. Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is **SUMMARILY DISMISSED**.

**I. Background**

Petitioner was convicted of the above offenses in the Detroit Recorder's Court in 1994. Direct review of petitioner's conviction ended on June 30, 1997, when the

---

    [1] Petitioner's last name is also spelled Hollmon.

1

Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Hollmon,* 455 Mich. 854; 567 N.W.2d 246 (1997).

On November 19, 2007, petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court. [2] After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of post-conviction relief on July 26, 2010. *People v. Hollmon,* 487 Mich. 855, 784 N.W.2d 801 (2010). The instant petition was signed and dated September 24, 2010. [3]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

[3] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because petitioner's habeas petition is signed and dated September 24, 2010, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on June 30, 1997. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on September 28, 1997, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than September 28, 1998 in order for the petition to be timely filed. *Id.*

Petitioner filed his post-conviction motion for relief from judgment on November 19, 2007, more than nine years after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28

3

U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is untimely.

Moreover, the mere fact that petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not re-start the one year limitations process anew, as petitioner suggests. A motion for state post-conviction review which alleges ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. *See Allen v. Yukins,* 366 F. 3d 396, 401 (6th Cir. 2004); *See also McClendon v. Sherman,* 329 F. 3d 490, 493 (6th Cir. 2003). Because the limitations period had already expired by the time that the post-conviction motion was filed, the fact that petitioner alleged the ineffective assistance of appellate counsel in this motion would not revive the statute of limitations.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his reply to the motion for summary judgment, petitioner first argues that he is entitled to equitable tolling because the prosecutor perpetuated a fraud upon the state trial court at the time of petitioner's trial. Petitioner specifically alleges that the prosecutor committed a fraud at petitioner's trial by informing the trial court judge that the police were unable to locate one of the prosecutor's witnesses, John Hightower,

4

which resulted in the judge permitting the prosecutor to use Hightower's preliminary examination testimony in *lieu* of his live testimony. Petitioner contends that he is entitled to equitable tolling on the basis of fraudulent concealment or wrongdoing on the state's part.

In order to toll 28 U.S.C. § 2244(d)(1) on the basis of fraudulent concealment, a habeas petitioner has the burden of proving that:

> 1. the respondent concealed the conduct that constitutes the cause of action;
>
> 2. The respondent's concealment prevented the petitioner from discovering the cause of action within the limitations period; and,
>
> 3. until discovery, the petitioner exercised due diligence in trying to find out about the cause of action.

*Bogan v. Huffman*, 238 F.3d 419 (Table), No. 2000 WL 1800572, * 2 (6th Cir. November 30, 2000)(citing *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335-36 (6th Cir. 1995)).

"Tolling on the basis of fraudulent concealment is to be narrowly applied." *Bogan v. Huffman*, Slip. Op. at * 2 ( citing *Hill*, 65 F. 3d at 1336).

Petitioner is not entitled to equitable tolling on this basis, because he has failed to show that the state court prosecutor concealed the conduct that forms the basis of petitioner's claims. Petitioner was aware at the time of trial that the prosecutor had used Hightower's preliminary examination testimony after convincing the trial judge that the police could not find Hightower. Petitioner's appellate counsel challenged the trial court judge's decision to allow the prosecutor to use Hightower's preliminary examination testimony on petitioner's direct appeal. Because there was no

concealment of the facts underlying petitioner's claims, petitioner is not entitled to equitable tolling on the basis of fraudulent concealment.

Petitioner next alleges that when he entered prison, he was diagnosed with epilepsy and had unspecified mental problems which prevented him from filing any *pro se* pleadings. Petitioner also argues that he was hampered in filing any post-conviction pleadings, because he did not have the assistance of prison paralegals.

In order for a habeas petitioner's mental incapacity to warrant the equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F. 3d 781, 785 (6th Cir. 2010). Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008); *See also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain,* 287 Fed. Appx. at 456, *See also Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767.

Petitioner has provided no evidence to support his claim that he was diagnosed with a mental illness, nor does he specify the nature of his mental problems, whether he is still suffering from them, or the type of treatment that he is receiving. The AEDPA's limitations period is not tolled, because petitioner has failed to make a factual showing

of any mental incapacity. *See Lawrence v. Florida,* 549 U.S. 327, 337 (2007).  Because petitioner has failed to allege any facts that would suggest that any mental illness prevented him from timely filing his habeas petition, he is not entitled to equitable tolling on this basis. *McSwain,* 287 Fed. Appx. at 457; *See also Brown v. McKee,* 232 F. Supp. 2d at 768 (petitioner not entitled to equitable tolling when he failed to identify the mental illness that he was being treated for).

Moreover, to the extent that petitioner is still suffering from epilepsy and these unspecified mental problems, he would not be entitled to equitable tolling.  "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown,* 232 F. Supp. 2d at 768.  To the extent that petitioner was able to seek post-conviction relief in the state courts and subsequently seek habeas relief in the federal court while suffering from these impairments, he would not be entitled to equitable tolling of the limitations period. *Id.*  The AEDPA's limitations period is not tolled by petitioner's mental problems, where nothing in the record suggests that petitioner was incompetent during all or a significant portion of the time that he allowed to elapse before the limitations period expired. *See Price v. Jamrog,* 79 Fed. Appx. 110, 112 (6th Cir. 2003).

Finally, petitioner's ignorance of the law and lack of education are not grounds for equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), and "states are not required to hire paralegals to assist prisoners," *Sutton v. Stewart*, 51 Fed. Appx. 752, 753 (9th Cir.2002)(citing *Lewis*

*v. Casey*, 518 U.S. 343, 356 (1996)). Petitioner would therefore not be entitled to equitable tolling because he did not have the assistance of a prison paralegal.

Petitioner next argues that this Court should ignore the limitations period because his claims have merit. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Because petitioner's habeas application is untimely, the Court would not err in declining to address the merits of petitioner's substantive claims.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's

admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.

Petitioner argues that he does not need to show that he is actually innocent in order for the limitations period to be tolled, but merely needs to show a "miscarriage of justice."

Petitioner's argument is misplaced, because the miscarriage of justice exception to procedurally barred claims is essentially the same as the actual innocence standard. The "fundamental miscarriage of justice" exception to a procedural bar is available only to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F. 3d 932, 973 (6th Cir. 2004)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). A habeas petitioner who asserts only procedural violations without claiming actual innocence is unable to meet the miscarriage of justice exception to allow judicial review of an untimely habeas petition. *See Johnson v. Knowles*, 541 F. 3d 933, 937-38 (9th Cir. 2008); *See also Owens v. Stine,* 27 Fed. Appx. 351, 353-54 (6th Cir. 2001)(application of the habeas statute of limitations did not result in a miscarriage of justice where petitioner had not submitted any new evidence demonstrating his innocence).

Finally, to the extent that petitioner contends that Hightower committed perjury at the preliminary examination and that the prosecutor used this allegedly perjured testimony at trial, petitioner would not be entitled to tolling of the limitations period. Other than his self-serving statements, petitioner has presented no evidence that Hightower committed perjury at the preliminary examination. This would be insufficient to invoke the actual innocence exception to the statute of limitations. *See Murray v. Bruce,* 191 Fed. Appx. 688, 689 (10th Cir. 2006)(petitioner's unsubstantiated contention that state presented perjured testimony in his state court prosecution was insufficient to warrant equitable tolling of filing period for federal habeas petition on basis of petitioner's actual innocence). The fact another witness testified differently does not mean either committed perjury.

### III. Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant.... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotes and citations omitted).

The Court finds that reasonable jurists could find its resolution of the equitable tolling issue to be debatable or wrong. Accordingly, the Court will grant a certificate of appealability.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. A court may grant *in forma pauperis* status if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV. CONCLUSION

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that the Court issues petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: April 28, 2011   Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 28, 2011, by electronic and/or ordinary mail.
S/Catherine A. Pickles
Judicial Secretary